UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF RIVERSIDE, et al,<br><br>　　　　　Defendants. | No. EDCV 23-0692-SVW (AGR)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S REPLEVIN MOTION SHOULD NOT BE DENIED AND THIS ACTION DISMISSED** |

　　　　Plaintiff filed a document entitled "Plaintiff's Replevin Motion" pursuant to Fed. R. Civ. P. 64.  (Dkt. No. 1.)  For the reasons discussed below, the court orders Plaintiff to show cause, on or before **November 20, 2023**, why this Court should not recommend denial of Plaintiff's replevin motion and dismissal of this action.

# I.

# SUMMARY OF PROCEEDINGS

### A. Plaintiff's State Criminal Convictions and Federal Habeas Proceedings

The court takes judicial notice of Plaintiff's prior federal habeas case in this court. Fed. R. Evid. 201.

Plaintiff's motion attaches the Amended Abstract of Judgment filed on August 25, 2005 in his criminal case in Riverside County Superior Court, Case No. RIF106226. (Dkt. No. 1 at 25-26.)

The following background is taken from Plaintiff's federal habeas proceedings in the case entitled *Thomas v. Sullivan*, EDCV 09-1736 AG (SS) (hereinafter "*Thomas* Habeas Proceeding") filed in the Central District of California. Petitioner was convicted after a jury trial of assault with a deadly weapon, discharge of a firearm at an inhabited dwelling, and conspiracy to commit aggravated assault. The jury found true allegations that the crimes were committed for the benefit of a street gang. Plaintiff was sentenced to a total of 21 years to life in state prison. On March 1, 2005, the California Court of Appeal affirmed the convictions for discharge of a firearm at an inhabited dwelling and conspiracy to commit aggravated assault. The appellate court reversed, however, the conviction for assault with a deadly weapon due to instructional error and directed that, unless Plaintiff was retried within 60 days after remittitur, the judgment would be modified to reflect a conviction for assault instead of assault with a deadly weapon and Plaintiff would be resentenced accordingly. The California Supreme Court denied the petition for review. (*Thomas* Habeas Proceeding, Dkt. No. 18, as modified and accepted, Dkt. No. 23.) On March 30, 2010, the *Thomas* Habeas Proceeding was denied and dismissed with prejudice, and a certificate of appealability was denied. (*Id.*, Dkt. Nos. 23-24.) On January 20, 2012, the Ninth Circuit denied a certificate of appealability. (*Id.*, Dkt. No. 31.)

The Amended Abstract of Judgment attached to Plaintiff's motion in this case indicates that, on remand from the California Court of Appeal, the court sentenced Plaintiff to 15 years to life in state prison, ordered payment of restitution to victims individually and collectively with co-defendants, and imposed a restitution fine.  (Dkt. No. 1 at 26.)

### B.   Plaintiff's "Replevin Motion"

Plaintiff filed a document entitled "Plaintiff's Replevin Motion" on April April 12, 2023.  (Dkt. No. 1.)  Although the motion is largely unintelligible, Plaintiff seeks two forms of relief: (1) "release of Plaintiff's 'Liberty Interest' from physical custody from the State of California"; and (2) "injunctive relief in ordering the State of [C]alifornia to file Plaintiff's 'UCC-1 & Security Agreement.'"  (*Id.* at 5.)

## II.

### PLAINTIFF'S REPLEVIN MOTION IS DEFECTIVE ON ITS FACE

Plaintiff's "replevin motion" cites Fed. R. Civ. P. 64, which provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," including replevin.  Fed. R. Civ. P. 64(a)-(b).

Under California law, a writ of replevin is known as a writ of possession.  A plaintiff may file an application for a writ of possession upon the filing of a complaint.  Cal. Civ. Proc. Code § 512.010(a).  An application for writ of possession must contain, in summary: (1) a showing of the basis of plaintiff's and that plaintiff is entitled to possession of the property claimed; (2) a showing that the property claimed is wrongfully detained by the defendant; (3) a particular description of the property and a statement of its value; (4) a statement of the location of the property; and (5) a statement that the property has not been taken for a "tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure."  *Id.* § 512.010(b).  These

requirements may be satisfied by affidavits.  *Id.* § 512.010(c).  A writ of possession may issue after hearing when "plaintiff has established the probable validity of the plaintiff's claim to possession of the property" and the undertaking requirements are satisfied.  *Id.* § 512.060.  The term "probable validity" means that "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." *Id.* § 511.090.

Plaintiff's replevin motion is facially defective for several reasons.  First, Plaintiff has not filed a complaint, which is the predicate of an application for writ of possession.  *Id.* § 512.010(a).

Second, Plaintiff's "replevin motion" makes no plausible showing of the second element of wrongful detention of funds by any defendant.  The Amended Abstract of Judgment attached to Plaintiff's replevin motion contains an order for payment of restitution amounts to victims and a restitution fine.  Plaintiff's motion does not challenge the validity of the restitution order, and in addition states that it "does not seek any monetary benefits that the County of Riverside or the State of [C]alifornia has benefitted these years that Plaintiff has been incarcerated." (Dkt. No. 1 at 5.)  Plaintiff's motion does not identify any other funds wrongfully detained by any defendant.

Third, Plaintiff's motion does not identify any property at issue (the third element) or state that any property at issue is in the custody of any defendant (the fourth element).  Plaintiff attaches a Security Agreement between the "real man" Craig Arnold Thomas Jr. (Plaintiff) and "the Straw Man/Dummy Corporation" Craig Arnold Thomas Jr. (Plaintiff). (Dkt. No. 1 at 8.)  The agreement purports to secure the "indebtedness and liabilities whatsoever" owed by Plaintiff as a real man to Plaintiff as a straw man or dummy corporation.  (*Id.* at 9.)  Plaintiff's motion also attaches a "power of attorney" under which Plaintiff appoints Plaintiff to take "exclusive charge" of his property and accounts.  (*Id.* at 13-14.)  The UCC-1 identifies Plaintiff as both the debtor and secured party, and lists as collateral Plaintiff's birth certificate and all of his "accounts" and "pledges." (*Id.* at 19.)  The documents are nonsensical in that they purport to create an

indebtedness between Plaintiff and himself.  Plaintiff's motion does not explain how this purported indebtedness would entitle him to any relief in replevin.

Finally, Plaintiff seeks an injunction ordering the State of California to file the documents.  According to Plaintiff, California's Secretary of State refused to do so based upon Cal. Gov't Code § 12181, which provides:  "The Secretary of State's office may refuse to perform a service or refuse a filing based on a reasonable belief that the service or filing is being requested for an unlawful, false, or fraudulent purpose, to promote or conduct an illegitimate object or purpose, or is being requested or submitted in bad faith or for the purpose of harassing or defrauding a person or entity."

Plaintiff does not identify any authority for a court to order the California Secretary of State to file any of the documents attached to Plaintiff's replevin motion.  Alternatively, at best the documents appear to be a false or bad faith attempt by Plaintiff to create the illusion of indebtedness to himself.

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 20, 2023**, Plaintiff shall show cause, if there be any, in writing why this court should not recommend denial of Plaintiff's replevin motion and dismissal of this action.  Plaintiff may file a complaint and an amended application for writ of replevin that cures the deficiencies described above with his response to this order to show cause.

*If Plaintiff does not respond to this Order to Show Cause by November 20, 2023, the court may recommend that Plaintiff's replevin motion be denied and that this action be dismissed as frivolous or without merit.*

DATED: October 18, 2023

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5